Caria, per Evans, J.
This was a motion to have an exoneretur entered on the bail bond taken in this case, which was granted by the circuit court, on the ground that the affidavit was insufficient to authorize the order for bail. The affidavit is in these words, viz:
South CaRolina, )
Spartanburgh District. $
Personally appears before me, G. W. H. Legg, who makes oath that he is the agent of David Kerr, and that Henry Phillips is indebted to the said Kerr, as he is informed and believes, in the sum of five hundred and sixteen dollars and four cents, balance due on his bond, besides interest. The following is a copy of said bond. “ On demand, we, or either of us, promise to pay to David Kerr, his heirs or assigns, six hundred and fifty dollars and 72 cents, current money of Virginia, for value received ; to which payment well and truly to be made, we hereby bind ourselves, jointly and severally, our heirs, executors and administrators, as witness our hands and seals this 15th day of January 1844.
Signed. HenRY Phillips, [seal.]
Henry B. Miller, [seal.]”
That said bond has the following credits indorsed on it, viz: “Cr. the within by account due on books at settlement to July 18th 1844, one hundred and nineteen dollars sixty-eight cents. ($119, 68.)
Signed B. P. Larew.”
“ Received of Mr. Morrison one pump, fifteen dollars, January 1st. 1845.”
Said bond has also the following credit indorsed upon it, which this deponent is informed and believes is incorrect, unjust, and to which said bond is not entitled, viz: “ The within bond is entitled to a credit for $275, to take effect at the date thereof, being the price of property bought *199 from the within named Phillips & Miller, as per their bill handed to me.
B. P. Lakew,
for David KeRR.
Jany. 15, 1844.”
This deponent further states, that he is informed and believes, that the property mentioned in the last credit was not delivered to the said Kerr, or his agent, and that the said bond should not be credited with it, which will leave, as above set forth, a balance due on the said bond of five hundred and sixteen dollars and four cents, besides interest.
G. W. H. Legg, Agent
for David Kerr.
Sworn to before me, )
17th October, 1845. j¡
H. J. Dean, Not. Pub.
There is no doubt as to the rule, that where the payee makes the affidavit, “ it must be direct and positive in stating the existence of the debt or other cause of action.” The rule is thus stated in Tidd and Sellon and in Petesd. on Bail, 142,. and in oui own case of the Treasurers vs. Barksdale, 1 Hill, 272; but to this general rule there are exceptions in favor of those who sue in autre droit, as executors and administrators, the assignees of bankrupts, corporate officers suing for a debt due a corporation, or an agent of a creditor resident in a foreign country. In these cases, as is said in Petersd. 145, the deponent, not having a personal knowledge of the debt, cannot be expected to swear to its existence in terms of absolute assertion, but his belief must be distinctly averred. In Lee vs. Sellwood, 9 Price Exch. R. 322, the affidavit was made by an agent, who swore that the defendant was indebted to the plaintiff £400 for use and occupation. It was decided that he need not set out the means b.y which he had attained his knowledge; and Graham, B. said it was not necessary to swear to more, under the circumstances ; and Garrow, B. speaking of some of the cases which had been cited, said they had proceeded, on a critical *200 nicety, that he would find a difficulty, were he called on, to agree to.
In Bland vs. Drake, 1 Chitty R. 165, the affidavit was made in England by an agent, who swore that the plaintiff had recovered in New South Wales, by a judgment of the highest court of judicature in that colony, a judgment against the defendant, which was still of force and unsatisfied, as the deponent verily believed; and Best, J. said, “ I should be glad to know, if this affidavit is not sufficient, how can a better affidavit be framed by a person residing here as the agent of another abroad 'l I think if an agent in England swears that he believes the debt to be due,” that is sufficient. To the same effect is the case of Deleissline ads. Heyle, an abstract of which is found in Rice Dig. 97. There cannot, I think, be a doubt that an agent may be allowed to make an affidavit of the debt, and it would seem, from the authorities above quoted, that he need not state how he derived his knowledge of the fact. In the case of the Treasurers vs. Barksdale, Mr. Young, who made the affidavit, does state why he knew or believed the debt was due, but this, it seems, was unnecessary. It does not seem to be doubted, according to the English cases, that it is sufficient for the agent to swear to the existence of the debt and his belief that it is unsatisfied. In the case of Lee vs. Sellwood, the agent swore that the defendant owed the plaintiff £400 for use and occupation ; and in Bland vs. Drake, that the plaintiff had recovered judgment in New South Wales against the defendant. In both of the cases, and especially in the latter, how could the agent know the fact, except on the information of others. He was resident in England, and could not, of his personal knowledge, know'that a judgment had been rendered in a remote foreign country. In this case, the agent swears that he is informed and believes that the defendant is indebted, and so forth. Is it not obvious that, in substance, he swears to as much as the agent did in the case of Bland vs. Drake. The difference consists in the manner of stating the fact. One swears that a fact is so, which he could know only from the information of another, whilst the other states it according to *201 the truth, that “he is informed and believes.” These refined distinctions would often defeat the ends of justice, and would be, as was said by Garrow, B. in the case of Lee vs. Sellwood, to proceed on such critical nicety as it would be difficult to agree to, and would, in general, preclude the possibility of an agent’s making the affidavit. It seems to me, that if the affidavit can be made by the agent, he must be allowed to state it as matter of belief, according to the truth, “ and not of absolute assertion.” It is objected that the affidavit must be such as perjury may be assigned on. This is conceded; but perjury may be assigned on an affidavit “ that he is informed and believes,” as well as where he swears positively to the truth of the fact. In neither case would mere disproof, as that the defendant did not owe the debt, be sufficient, but the oath must be wilful and corrupt. Nor do I consider there is any thing in the objection that a plaintiff, who is unwilling to incur the risk of making a false affidavit, may employ a bolder agent to swear to his belief founded on the information derived from the plaintiff himself. The thing is possible, but such an unscrupulous plaintiff would not, in general, hesitate to make a sufficient affidavit himself. The rules of law cannot be iramed to guard against the possibility of evil, and if such a plaintiff and agent are to be found, the end would be readily obtained by swearing that the debt once existed, and his belief that it was still unpaid, which, according to the cases above quoted, would be sufficient. Besides, I do not understand that the rule goes further than to allow the agent to make the affidavit as to his belief, in those cases only where the plaintiff resides in a foreign country, as was the fact in this case. The plaintiff was a citizen of Virginia.
A majority of this court are oí opinion the affidavit is sufficient, and the motion is granted.
Richardson, O’Neall and Butleb, JJ. concurred.